In the Matter of the Application of DORRIS I. PAGE, Petitioner, for a Peremptory Mandamus Order against CHARLES A. HARNETT, Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Albany County, July 26, 1927.

Motor vehicles — Motor Vehicle Bureau — inspection of records under Highway Law, § 282, subd. 3 — regulations limiting inspection not reasonable — alternative mandamus order granted.

This is an application for a peremptory mandamus order to compel the Commissioner of Motor Vehicles to allow an inspection of the books and indices used in the Albany office exclusive of New York city. A regulation by the Commissioner to the effect that the only records which may be inspected in the Albany office are those records which are not available in the offices of the

• Supreme Court, July, 1927.   [Vol. 130

various county clerks, and also fixing the period of inspection at one hour per day, which period must be apportioned as between those applying for inspection, is unreasonable and deprives the public of the right to inspection which is given by subdivision 3 of section 282 of the Highway Law.

The contention by the Commissioner that duplicate records furnished by the several county clerks are not public records cannot be sustained, and furthermore the limitation and apportionment of time is unreasonable.

Upon the question of the reasonableness of the regulation, an alternative mandamus order is granted.

APPLICATION for a peremptory mandamus order directing Charles A. Harnett, Commissioner of Motor Vehicles of the State of New York to disclose the books and indices used in the office of the Commissioner maintained at Albany, exclusive of the city of New York.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel], for the petitioner.

*Albert Ottinger, Attorney-General* [*John Machan, Assistant Deputy Attorney-General,* of counsel], for the respondent.

NICHOLS, J. Subdivision 3 of section 282 of the Highway Law (as amd. by Laws of 1924, chap. 360) provides as follows:

" 3. Registration book. Upon the receipt of a sufficient application for registration of a motor vehicle, as provided in this article, the commissioner, or the agent receiving it, shall register such motor vehicle or vehicles, with the name, residence and business address of the owner together with the facts stated in such application, in a book or index to be kept for the purpose, under the distinctive number assigned to such motor vehicle as provided in this section, which book or index shall be open to public inspection during reasonable business hours."

Under that provision the petitioner applied to the respondent for leave to inspect the books and indices maintained in the Albany office of the Commissioner pertaining to the registration of motor vehicles in the State of New York for the year 1927, exclusive of New York city; and as a result of that application the Commissioner made the following regulation:

" Facilities for public inspection will be provided for but one representative of any individual, copartnership or corporation making proper application in the various offices of the Bureau of Motor Vehicles for one hour per day each, and such hours will be apportioned as between those applying for the privilege. The only records available in the Albany office to the above stated representatives are those records which are not available in the offices of the various county clerks throughout the State, or the New York and Brooklyn offices of this bureau. I am issuing

instructions that the regulations herein made shall become effective starting Friday, May 13th, 1927, at nine A. M."

The Commissioner claims that the records kept in the Albany office, aside from the records of Albany county itself, are merely duplicate registration books kept for administrative records. I think the Commissioner in his regulation shows this claim is not tenable, only permitting examination of records which are not available in the offices of the various county clerks. I think both sets of records are public records. Section 283-a of the Highway Law (added by Laws of 1921, chap. 580, as amd. by Laws of 1925, chap. 314) provides as follows:

" § 283-a. Issuance of plates by county clerks, as agents of the commissioner; fee for same. The clerk of each county, except the county of Albany or a county wholly included within a city, shall act as the agent of the commissioner in the registration of motor vehicles and issuance of certificates thereof, issuance of number plates for passenger and commercial cars, and unless and until the commissioner shall otherwise direct in any county, in the issuance of chauffeurs' and operators' licenses upon the certification of inspectors and of other plates and badges. Each such agent shall remit to the commissioner at the close of each day all fees collected by him for motor vehicle registrations, license and transfers, except as herein provided, together with a complete record of such registrations and licenses issued and transfers made, by him, during the day. * * * "

The assigning of the motor number by the Commissioner is provided for by subdivision 4 of section 282 (as amd. by Laws of 1924, chap. 360). This section also requires the owner, etc., holding a certificate of license to notify the Commissioner in writing of any change in residence of such person within ten days after such change occurs. This change of course must be entered on the records of the Albany office. Subdivision 8-a of section 282 (added by Laws of 1925, chap. 517) provides as follows:

" 8-a. Registered motor vehicles taken in trade or purchased by dealers. Upon the sale or transfer of a motor vehicle registered in accordance with this section to a person, firm, association or corporation engaged in the business of manufacturing or of buying or selling motor vehicles having registration under the provisions of section two hundred and eighty-four, the vendor shall deliver to the vendee or transferee the certificate of registration of the motor vehicle indorsed in such manner as the commissioner shall prescribe. Such certificate, so indorsed, shall be valid for the use of the vendee or transferee in all respects as though the same were an original certificate issued to him. At the time of such sale or

16

transfer the vendor and the dealer shall also execute a statement of transfer, which statement shall be on a form furnished by the commissioner, shall be verified and shall contain such information and shall be executed in such manner as the commissioner shall prescribe; and the vendee or transferee shall within twenty-four hours thereafter mail or deliver to the commissioner such statement of transfer. The commissioner shall file such statement in his office and note upon the registration book or index such change in ownership. Upon the sale or transfer of the motor vehicle by the dealer, the dealer and the vendee shall execute a statement of transfer, which statement shall be on a form furnished by the commissioner, shall be verified and shall contain such information and shall be executed in such manner as the commissioner shall prescribe; the dealer shall within twenty-four hours thereafter mail or deliver to the commissioner the certificate of registration of the motor vehicle and such statement of transfer, together with a fee of one dollar to be paid by the vendee. Upon the receipt of such certificate, statement and fee the commissioner shall file such statement and certificate in his office and note upon the registration book or index such change in ownership and issue to the new owner or vendee a new certificate of registration in such form as may be prescribed by the commissioner. * * * "

There is no provision requiring the various steps taken under subdivision 8-a above quoted to be filed and indexed and noted upon any registration book except the one kept by the Commissioner in the city of Albany. The requirement of section 283-a (added by Laws of 1921, chap. 580, as amd. by Laws of 1925, chap. 314) for each county clerk to remit to the Commissioner at the close of each day the registration, licenses and transfers and a complete record thereof, must be read in connection with the requirements of subdivisions 3, 4 and 8-a of section 282. And there would be no sense in saying that the information required by said subdivisions 3 and 4 need not be exhibited while that mentioned in 8-a should be.

The Commissioner in his regulations only permits records available in the Albany office which are not available in the various county clerks' offices to be inspected. Aside from the so-called Metropolitan district, there are over fifty county clerks' offices scattered over the entire State and there is no good reason apparent to this court why the information kept in these books by the Commissioner at Albany should not be exhibited to the petitioner. Some claim has been made that the Albany Publicity Service, Inc., has the exclusive use of names of automobile registrants outside the Metropolitan district upon payment of the sum of eighty cents per 100 names; in fact the Commissioner wrote a

letter under the date of December 6, 1926, advising the Albany Publicity Service, Inc., that he had accepted its proposal for exclusive use of the names of registrants on payment of said sum; this was in response to an application under the date of November 1, 1926, for such exclusive use. I assume of course that the compensation which would amount to about $8,000 has been paid into the State treasury as fast as received by the Commissioner. However, this does not avoid° the vice of such a contract. By statute, such books are open to inspection during reasonable hours. And it is worthy of note in connection with this, that the same Albany Publicity Service, Inc., request permission for space for five or six clerks to go through and examine the original records to obtain information it is furnishing to its customers. The only additional information beyond what it had already received would be such as received under said subdivisions 4 and 8-a. It looks to me as though this might be an effort to crowd out the petitioner. I do not think the regulations of the Commissioner are reasonable ones under all the circumstances of the case and that the relator should have two hours of each working day without any apportionment. Upon the question of the reasonableness of the regulation I will issue an alternative order to test the reasonableness of that regulation.